**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4147
_____

STEPHEN CELENTO,

Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-13-cv-00269)
District Judge: Hon. Alan N. Bloch
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 18, 2015

Before: AMBRO, FUENTES, and GREENBERG, *Circuit Judges*

(Filed: August 26, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

While working for a river towing company, Stephen Celento sustained serious injuries to his lungs and brain when he fell off a barge in 2004. Celento has not worked since the accident. In 2009, he filed for disability benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.* After the claim was initially denied, Celento requested a hearing before an Administrative Law Judge ("ALJ"). The following facts were presented to the ALJ.

Celento testified about his physical and mental condition in the years since the accident. Because of sharp pain in his knees, he can walk only about three blocks at a time. He can sit for an hour or more if he has room to move his legs, otherwise he needs to stand up every fifteen to twenty minutes. He can stand for about a half-hour. Celento has limited mobility with his arms and shoulders, and can lift only light weights. He has three titanium plates in his chest and lost forty-two percent of his lung capacity. Celento said that being around people makes him very nervous and he has concentration problems.

The ALJ heard testimony and reviewed evidence about Celento's daily life. For example, he is able to drive, use public transportation, and go shopping. He volunteers at the local Chamber of Commerce. He is able to perform household chores such as vacuuming, dusting, and washing laundry. And his hobbies include reading, using his computer, photography, and knitting.

2

Celento's extensive medical records were also submitted into evidence. In 2005, he was diagnosed with restrictive lung disease, but his doctor encouraged him to maintain a regular level of activity, including exercise. In 2007, another doctor found that Celento's breathing sounds, cardiovascular system, and back were normal. After complaining about shingles in 2009, another doctor found that Celento's physical condition was generally normal. The next year, Celento informed one of his doctors that he "[f]eels unable to work [due] to pain in chest and back left shoulder whether sitting or moving, [and] gets [shortness of breath] with minimal exertion." App. 564. The doctor noted that Celento had restrictive lung disease and localized pain, but otherwise found his physical condition largely normal.

Several doctors have also assessed Celento's mental health over the years. In the months following the accident, one doctor diagnosed Celento with acute stress disorder and post-traumatic stress disorder. Celento informed another doctor that he started self-medicating with alcohol to ease the chronic pain in his shoulder and chest. That doctor diagnosed him with social phobia, alcohol dependence, and avoidant personality disorder. However, he believed Celento was "fully oriented," had "no difficulty with short term memory," had "no problems with concentration," and his "[l]anguage and motor skills are intact"—"[o]verall, minimal cognitive impairment is noted." App. 525.

At the hearing, the ALJ asked a vocational expert whether there are jobs in the economy for individuals with limitations similar to Celento's (e.g., lifting only up to ten pounds at time and standing only for two hours a day). The vocational expert identified

3

various unskilled sedentary jobs, including a ticket checker, surveillance systems monitor, or inspector.

Based on this record, the ALJ determined that, when not drinking, Celento is not disabled. Celento appealed the ALJ's decision to the District Court, which affirmed. On appeal to this Court, Celento raises one issue: he argues that the ALJ gave "undue consideration to his sporadic physical activities and fail[ed] to consider the proposition that one's ability to put aside pain for brief periods of time while performing sporadic household activities does not mean that he can engage in similar activities for eight hour stretches, five days a week." Celento Br. at 2.

As Celento's challenge goes to the ALJ's factual findings, our review is highly deferential. If the findings are supported by substantial evidence, they "shall be conclusive." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). We have no trouble concluding that the ALJ's decision to deny benefits was supported by the record. The ALJ considered Celento's physical activities as one relevant consideration among many others in its analysis. Although Celento offered testimony of his pain, social anxiety, and inability to concentrate, his daily activities and much of the medical evidence tended to undermine his position. For example, Celento drives, volunteers, does work around the house, and has several hobbies. These activities require at least some physical exertion and mental

4

concentration. Moreover, much of the medical evidence indicated that, although he had restrictive lung disease, his physical condition was generally normal. In addition, a vocational expert testified that someone with Celento's limitations could obtain an unskilled sedentary job. The ALJ took all this evidence into account, made credibility determinations, and reasonably concluded that, when not abusing alcohol, Celento is not disabled.

For these reasons, we affirm the District Court's order.